■ In the Matter of the Claim of ELEANOR PECORARO, Appellant, against RUSSELL-MILLER MILLING COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board which disallowed her claim for death benefits. On September 24, 1956 the deceased employee was hit by a coemployee named Jones. He fell to the floor striking his head and died on September 29, 1956 as a result of the injuries then sustained. About two weeks prior to the incident Jones and another employee named Hamman had made a $5 bet during working hours and the decedent who happened to be standing nearby was made the stakeholder. Thereafter Jones and Hamman could not agree as to who had won the bet and the decedent returned $5 to Hamman but Jones refused to take just $5, insisting that he had won. The decedent stated that in the old country when bettors could not agree the money was returned but a day or two later he gave Jones $10, using $5 of his own money. After this there were apparently several exchanges of words between the decedent and Jones. On September 24, 1956 the decedent, in the performance of his work, passed near Jones who said, "Is that the way they do it in the old country?" The decedent turned and told Jones he was no good or swore at Jones and

Jones then hit the decedent. The board disallowed the claim finding that Jones assaulted the defendant but that it did not arise out of or in the course of the employment since it resulted from a personal stake-holding incident. The issue presented here is whether the assault arose out of the decedent's employment. The decedent and Jones entered into a purely private relationship albeit during the hours of their employment and the hostility between them which resulted in the assault was clearly a product of this relationship. Larson points out that even under the liberal " but for " test, which the appellant urges should be applied here, " the test is not ' but for the bare existence of the employment,' but rather ' but for the conditions and obligations of the employment.' " (1 Larson, Workmen's Compensation Law, § 11.22, p. 139.) The assault here certainly had no relationship to the nature of the work itself nor was it brought about by friction and strain engendered by the conditions and obligations of the employment. The board has found that it arose from a personal matter and not out of the employment and substantial evidence supports its determination. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.